IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

KEITH RUSSELL JUDD §

VS. § CIVIL ACTION NO. 1:08cv170

UNITED STATES COURT OF APPEALS §
FOR THE FIFTH CIRCUIT

## MEMORANDUM OPINION AND ORDER

Plaintiff Keith Russell Judd, an inmate formerly at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this action against the United States Court of Appeals for the Fifth Circuit.

## Discussion

A final judgment was previously entered in the above-styled action, dismissing the action without prejudice pursuant to 28 U.S.C. § 1915(g) based on plaintiff previously having had three civil actions or appeals dismissed as frivolous, malicious or for failure to state a claim.[1]

Plaintiff has filed numerous post-judgment motions, including a motion to alter or amend judgment and motions to reopen or reinstate this action. This memorandum opinion and order considers such motions.

---

[1] In addition to the frivolous cases cited in this court's original memorandum opinion, plaintiff has filed at least 12 frivolous filings dismissed in noncriminal matters before the United States Supreme Court alone. *See Judd v. United States District Court for the Western District of Texas*, 528 U.S. 5, at *5 (1999).

1

## Analysis

FED. R. CIV. P. 59 provides in pertinent part the following:

(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment.

After careful consideration of plaintiff's motion, the court is of the opinion that plaintiff's motion fails to set forth a meritorious ground warranting relief from the judgment.

Title 28 U.S.C. § 1914 requires the parties initiating a civil action to pay a filing fee of $350. Section 1915 authorizes the commencement, prosecution or defense of any suit, action or proceeding without prepayment of fees in certain instances. *See* 28 U.S.C. § 1915(e). Title 28 U.S.C. § 1915(g), however, bars prisoners from proceeding without prepayment of the filing fee if the prisoner has, on three or more prior occasions, while incarcerated or detained, brought an action or appeal that was dismissed as frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. A prisoner barred by 1915(g) is

not prevented from filing civil actions, the prisoner "still has the right to file suits if he pays the full filing fees in advance, just like everyone else." *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).

In this action, plaintiff did not prepay the filing fee, as required. In his motion to alter or amend judgment, plaintiff requests additional time for payment of the filing fee to be received. However, there was no payment made nor was any information of plaintiff's intent to pay the fee made available to the court prior to the dismissal of this action. While plaintiff subsequently paid the filing fee, it does change the outcome of this action.

In a pleading filed after the dismissal of another action, civil action no. 1:07cv637, plaintiff included a statement of his prisoner trust account. A review of the document reveals plaintiff had a balance of $161,071.54 in his account. Clearly, plaintiff had the means to prepay the filing fee had he chosen to do so. Further, plaintiff has not alleged sufficient specific facts demonstrating he was in imminent danger of serious physical injury at the time the complaint was filed. *See Banos v. O'Guinn*, 144 F.3d 883, 885 (5th Cir. 1998). It is therefore,

**ORDERED** that plaintiff's post-judgment motions are **DENIED**. It is further

**ORDERED** that the Clerk of Court is **DIRECTED** to return to plaintiff the $350 payment received on May 1, 2008, after this action was dismissed.

3

**SIGNED** this the 26 day of **January, 2009.**

                                                 _____
                                                 Thad Heartfield
                                                 United States District Judge